HEDGER v. ABERDEEN, B. & N. W. RY. CO. et al.

The interest in lands acquired by condemnation proceedings by a railroad under the laws in force in 1887 was a fee title.

Where, after proceedings by a railroad to condemn land in 1887, the land sought to be taken was never used, so that taxes were properly levied against the land, and one claiming title and ownership thereto through a direct chain of transfers, on record, from the owner, who was a defendant in the eminent domain proceedings, together with his grantor, had been in possession of such land for 20 years since the condemnation proceedings, and the one claiming title had paid all taxes thereon for the last 17 years of such period, he became vested with title superior to any right of the railroad company.

(Opinion filed November 26, 1910.)

Appeal from District Court, Brown County. Hon. J. H. McCoy, Judge.

Action by Samuel C. Hedger against the Aberdeen, Bismarck & Northwestern Railway Company, the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, and others. From a judgment for plaintiff and an order denying a new trial, defendant the Minneapolis, St. Paul & Sault Ste. Marie Railway Company appeals. Affirmed.

*Taubman & Williamson,* for appellant. *A. W. Campbell,* for respondent.

WHITING, P. J. This action was brought for the purpose of quieting title to certain lots situate in the city of Aberdeen, S. D. Trial was had before the court without a jury, and the court made and entered findings of fact and conclusions of law therein in favor of the plaintiff and judgment entered thereon. A motion for new trial having been denied, the defendant the Minneapolis, St. Paul & Sault Ste. Marie Railway Company appealed to this court from the judgment and from the order denying a new trial.

Plaintiff claims fee title through a direct chain of transfers from one Joseph P. Cadieux, while the appellant, in its answer, claimed fee title to said premises under and by virtue of certain condemnation proceedings had in the district court of Brown county, in the then territory of Dakota, in the year 1887, in which condemnation proceedings said Joseph P. Cadieux was named as the defendant owning said lots. There is no dispute but that subject to such condemnation proceedings the title to the premises in question has passed to the respondent, but it was the contention of the respondent upon the trial, and is now: First, that said condemnation proceedings were irregular and void; second, that if the condemnation proceedings were valid, and if it should be held that by such proceedings appellant acquired merely an easement in said premises, to-wit, a right of way over same, such easement has long since been abandoned and forfeited; third, that, if said condemnation proceedings were valid and appellant acquired through such proceedings a fee title to the premises in question, then respondent and his grantors have acquired title to said premises by payment of taxes more than 10 years while holding said lots under color of title as evidenced by deed of record.

The trial court found that the condemnation proceedings were irregular and invalid. It also found that the appellant had never in any manner taken possession of said premises, improved the same; or, in any way, attempted to use such premises for the purposes for which condemnation was sought. It also found that said premises had been in the possession and under the control of plaintiff and his grantors for 20 years; that they had paid all taxes for some 17 years next prior to the commencement of the action; and that such payments were made in good faith under claim of title based upon good and sufficient deeds of record. In its answer the appellant claimed title in fee simple to said premises. In its findings and conclusions prepared and submitted to the trial court, it sought to be held to be the fee owner of said premises under and by virtue of such condemnation proceedings; but upon appeal it appears to have taken the position, for the first time, that it did not acquire a fee title to said premises through such condemnation proceedings, but a mere easement. An examination of the petition in the condemnation proceedings shows that the premises in question were not sought for, for a mere right of way for tracks, but for purposes of station grounds.

It becomes unnecessary for us to determine the validing of the condemnation proceedings. This court has held in the case of Sherman v. Sherman, 23 S. D. 486, 122 N. W. 439, that condemnation proceedings, under the law as in force at the time of the condemnation proceedings pleaded in this case, passed a fee title to the railroad company. It is therefore unnecessary for us to determine whether or not, under the facts proven in this case, a mere easement would have been lost by abandonment and forfeiture. While the decision in Sherman v. Sherman was made in a cause, where, perhaps, a determination of the question above mentioned was not necessary, yet we feel confident of the correctness of the views of this court expressed therein, and do not desire to depart therefrom. The trial court held that none of the real estate herein had ever in any way been used or occupied in the operation and maintenance of any railroad. That being true, then, under the decision of this court in St. Paul, M. & M. R. R.

v. Howard, 23 S. D. 34, 119 N. W. 1032, taxes were properly levied against these lots for the years during which respondent and his grantors paid the taxes thereon; and the findings of the court to the effect that respondent and his grantors had been in possession and control of said lands continuously for some 20 years prior to the commencement of this action, and during the last 17 years of such period had paid all the taxes thereon in good faith under claim of title and ownership to said lots, based upon good and sufficient deeds of record, being fully sustained by the evidence, then under the statutes of this state, as construed by numerous decisions of this court, plaintiff became vested with title to said premises superior to any right of appellant therein.

The judgment of the trial court and order denying a new trial are affirmed.

McCOY, J., taking no part in this decision.