WOOD, Appellant, v. CITY OF HURLEY, Respondent.

(136 N. W. 107.)

1. **Municipal Corporation — Sidewalk Assessment — Conveyance of Abutting Strip.**

   Plaintiff, after proceedings for sidewalks commenced and notice thereof served on him, and prior to assessment, conveyed a strip adjoining the street 10 feet wide and extending along the street 525 feet, to an employee, a single man en-

gaged in ranching far from the town, the grantee testifying he purchased the strip for investment. **Held,** the conveyance was void as against the city's right to assess the sidewalk tax against the whole property, which, for purposes of this deci-sion, all belong to plaintiff.

2.   **City Public Improvements—Sidewalks—Necessity of Improve-ment—Ordinance.**

Under Sec. 1541, Pol. Code, concerning necessity of con-structing sidewalks in third class cities and notification of owners of lots or lands adjoining sidewalks to construct same, and under Sec. 1542 concerning the building of the walks by city where owners, after notification, fail to build them, the cost to be assessed against the property, etc.; **held,** that neither section required the council to specify in sidewalk ordinance that necessity existed for construction of the walks, the passage of the ordinance itself being a finding that neces-sity did exist, and the ordinance was valid.

3.   **Sidewalks—Several Streets—Ordinance.**

Under Sections 1541, 1542 and 1543, Pol. Code, concerning the building of "any sidewalk" in front of "any lot or lots or parcels of land adjoining such sidewalk," an ordinance providing for sidewalks on several streets, where same were to be constructed practically of same material and substan-tially the same width, was not invalid for embracing walks on several streets in one proceeding; notwithstanding Sec. 1545 refers to constructing walks on "any street."

4.   **Street   Improvement—Sidewalks—Assessment—Certification   to Auditor.**

A sidewalk along plaintiff's property having been con-structed by the city under an ordinance, city auditor certified to county auditor that $319.16 had been assessed and taxed by city commissioner against all of certain described prop-erty of plaintiff for construction of walk on east side of said property, that the assessment was approved by the council on a given date, and instructing county auditor to insert said assessment and tax against the property with other taxes in annual statement of taxes to county treasurer for collection; **held,** these proceedings complied with Sec. 1543, Pol. Code, and the evidence sustains the trial court's findings and judg-ment that proper notices were legally served and published and certificate duly recorded with county auditor.

5.   **Sidewalk Assessment—Separate Parcels—Levy—Double Assess-ment.**

A sidewalk having been constructed by city, an assessment therefor was levied on a ten foot strip—part of an original lot abutting on the street and said walk—and the same amount was also levied on the remainder of the lot; **held,** that since

the conveyance of said strip by owner pending sidewalk pro-
ceedings, to his employee, was void as against the city's lien,
and the whole original lot was still plaintiff's, and the assess-
ment against the strip alone was void, there was but one legal
assessment or tax levied upon plaintiff's property; it was not
a double assessment.

(Opinion filed, May 7, 1912.)

Appeal from Circuit Court, Turner County.  Hon. R. B.
TRIPP, Judge.

Action by William B. Wood against the City of Hurley to set
aside an assessment for construction of a sidewalk, and to quiet
title to the abutting property.  From a judgment for defendant,
and from an order denying plaintiff's motion for a new trial, he
appeals.  Affirmed.

*Bogue & Bogue, for Appellant.*

In the case of White v. Stevens, (Mich.) 34 N. W. 255, it
is held that a finding of necessity is jurisdictional even though
the statutes do not require a resolution to that effect.

We desire to cite the following cases which we claim sus-
tains our position:  McLauren v. City of Grand Forks, 6 Dak.
Ter. 397; Hoyt v. City of East Saginaw, 19 Mich. 39, 2 Am. Rep.
76, 34 N. W. 255; Stephen v. Daniels, 27 Ohio St. 527; Mch.
Cent. Railwy Co. v. Huehn, (C. C.) 59 Fed. 335; Hewes v.
Reis, 40 Cal. 255; Pound v. Chippewa Co., 43 Wis. 63; 2 Dill.
Mun. Corp., Sec. 769; City of Kirksville ex rel. Fleming Mfg.
Co. v. Colman, 77 S. W. 120, 103 Mo. App. 215; Blanchard v.
City of Barre, 60 A. 970, 77 Vt. 420.

We further contend that the evidence in this case shows
that the sidewalk was not needed, the city council did not so
find, and we believe that it could not so find because it was not
necessary.

Plaintiff also contends that the special assessment in this
case is void because more than one street was included in the
said resolution.  Section 1541 of the Political Code provides that
whenever the common council, etc., shall deem it necessary to
construct and repair any sidewalk, not sidewalks, in any such
city or town, they shall notify all resident owners of any lot or
lots or parcels of land adjoining such sidewalk to construct and
repair, etc.

Section 1545 provides: "Whenever it is proposed to construct new sidewalks on any street," not streets, ten days' notice shall be given, etc. Whittaker v. The City of Deadwood, (S. D.) 122 N. W. 590, at page 592.

We contend that no notice was ever posted or given as required by section 1545 of the Political Code of this state so far as plaintiff's premises are concerned, and that no notice of any kind was ever posted on the street along and adjoining the land of this plaintiff. Hence we had no notice whatever of the preliminary meeting at which the resolution was entertained and at which the city council attempted to order in said walk. This meeting is a jurisdictional one and no notice being given to us, the council never acquired jurisdiction to proceed so far as our property is concerned, and having proceeded without jurisdiction for want of notice, all of the subsequent acts were void and the tax must in any event be cancelled. On the proposition that these preliminary meetings are jurisdictional, we cite the following authorities: Hawkins v. Horton et al., (Minn.) 97 N. W. 1053; Piedmont Paving Co. v. Allman, (Cal.) 68 Pac. 493; Clarke v. City of Chicago, 185 Ill. 354, 57 N. E. 15.

That proper and statutory notice is jurisdictional cannot be doubted. Auditor General v. Calkings et al., (Mich.) 98 N. W. 742; McLauren v. City of Grand Fork, supra; Roche v. City of Dubuque, 42 Ia. 250; In re Little, 60 N. Y. 343; People v. Village of Whitney's Point, 32 Hun. 508; State v. Common Council of the City of Fond du Lac, 42 Wis. 287; Dumars v. City of Denver, 16 Col. App., 375, 65 Pac. 580; Kalesky v. City of Cedar Rapids, 92 N. W., 657, 118 Iowa, 714; Sears v. Atlantic City, 60 A. 1093, 72 N. J. Law, 435; In re City of Yonkers, 68 N. Y. S. 1046, 65 N. E. 494, 58 Pac. 353, 35 Ore. 383.

It does not appear from the evidence that the city council of the city of Hurley, after the time allowed propery owners to construct walks had expired, ordered the walks to be built along the east side of outlot 18, in the manner provided by statute, in that the street commissioner was not authorized either by ordinance, duly passed, or by resolution duly adopted, to order the construction of said walks, nor is there any direction that the same

be done at the expense of the lots or parcels adjoining the sidewalk, as required by section 1542 of the Political Code. Whittaker v. the City of Deadwood, (S. D.) 122 N. W. 590; Section 1380 of the Pol. Code.

The purported assessment attempted to be made by the street commissioner in the case at bar was never approved by the common council of the defendant city, either by ordinance or resolution, and the pretended acts of the council in reference thereto are void and of no legal effect.

We contend that the sidewalk tax in the case at bar was never certified to the county auditor of Turner county in the manner provided by law.

Section 1543 of the Political Code, as by implication amended by chapter 201 of the Session Laws of 1909; Medland v. Lenton et al., (Neb.) 82 N. W. 866; Smith v. the City of Omaha, 69 N. W. 402, 49 Neb. 883; Dumars v. City of Denver, supra; Merritt v. Village of Rochester, 71 N. Y. 309; Town of Durengo v. Pennington, 8 Col. 257, 7 Pac. 14; Tiffy v. City of Buffalo, 49 N. Y. Supp. 489; Carlyle v. Clinton Co., 140 Ill. 512, 30 N. E. 782; Ogden v. Armstrong, 168 U. S. 224, 42 L. Ed. 444; Hawley v. City of Fort Dodge, 103 Iowa, 573, 72 N. W. 756; Engstad v. Ninnie, (N. D.) 76 N .W. 292; Mason v. City of Sioux Falls et al., 2 S. D. 640; Sec. 1380, Pol. Code; State v. Williams, 6 S. D. 119; Sec. 1298, Pol. Code; Dumars v. City of Denver, (Colo.) 65 Pac. 580; Shannon v. City of Huron, 9 S. D. 356.

We further contend that the assessment in question is void because the city auditor did not have on file an estimate of the work to be done as provided by section 1246, Revised Political Code. It cannot be successfully contended that the plaintiff sold this property for the express purpose of avoiding the payment of a sidewalk tax. The evidence is conclusive upon the proposition that the plaintiff had no legal knowledge of the intended construction of this walk at the time he sold this land to O'Connell, hence the claim to that effect on the part of this city is wholly unsupported by the evidence. Our statute determines what prop-

erty can be assessed for the construction of a sidewalk; it is the adjoining lots or parcels of land. Section 1541, Political Code. You can only assess the adjoining parcels of land; any other rule would be unjust. Amery v. City of Keokuk, (Ia.) 30 N. W. 780.

*French & Orvis,* for Respondent.

We insist for the purposes of this tax, at least, as shown by the evidence, the court was fully justified in finding that lot 18 except the north 175 feet thereof was owned by appellant, and there should have been no trouble in spreading this tax in accordance with the two notices served upon the county auditor by the city auditor of the City of Hurley.

The duty of the county auditor was to spread this tax as it was sent to him under the statutes of this state. See Political Code, sections 1541 and 1542.

The O'Connell deed purports to have been executed on the 6th day of October, 1909, completing a bargain made on the 25th day of September. This bargain was simply an oral talk, or rather, a pretended talk and delivery of a purported bill of sale, Exhibit "F," record p. 83. This exhibit was admitted in evidence over the objection of respondent's counsel. Record p. 46. This talk taking place at the ranch at Cottonwood, South Dakota, and was in no way a binding contract at that time. When this deed, Exhibit "B," record p. 67, was delivered, does not appear in the evidence, or whether it was ever delivered except that on the trial of the action, it was produced by Mr. Bogue.

We call the court's attention to the whole of the cross-examination of the witness O'Connell in regard to this transaction and we submit that the court was justified in making its finding Number 20 concerning the deed to O'Connell, upon the whole of the evidence in this case.

Assignment of Error Number 3 is as follows:

"The court erred in making that part of finding Number 21 which reads as follows: Although the plaintiff did not produce said deed for the reason that the same is not sustained by the evidence and cites pages 2 and 67." We submit that the court will find no evidence that the plaintiff produced said deed at either of those pages.

Assignment of Error Number 5 relates to finding of fact Number 23. That the said William B. Wood had full knowledge of the sidewalk proceedings, etc., It appears in evidence that during all the time when this sidewalk proceeding was had, that Mr. Wood resided in the City of Hurley, near to the land to be affected by the sidewalk; that on October 7th personal notice was served upon him; that on October 18 he appeared in the city council in regard to this matter. We think this finding of fact is fully justified by the evidence.

We think the evidence in this case amply warrants the finding of the court that this was an attempt on the part of the plaintiff to avoid the payment of the sidewalk tax in question by deeding 10 feet off the east side of outlot 18 except the north 175 feet thereof to O'Connell, and instead of the proposed finding being merely a question of finding the boundaries of the land owned by the plaintiff, (as claimed by counsel in his brief), it was in effect a proposed finding that the deed in question made to O'Connell was a good and valid deed as against the city of Hurley.

The statute does not require that the city council should pass a resolution stating that it was necessary. The legislature must have meant something in passing this statute governing cities of the third class and incorporated towns. In other provisions of the statute in regard to cities of the first and second class, they have required that the city shall declare the construction or repair of said sidewalk to be necessary. In this section they have left out this provision. Section 1541, Pol. Code.

From the proofs it is clear that not only were notices posted and served specifically stating the kind and character of walk to be built along the east side of outlot 18 and stating when the same should be built.

We think that the action of the city council fully shows that the assessment was approved by the common council of the defendant city. Second: Exhibits "D" and "E" record pp. 4 and 5, introduced by plaintiff's counsel himself recite that this was done and there is no evidence to show that it was not done. The presumption is that the city council did what was required of it

under the law in making the assessments referred to in Exhibits "D" and "E" above. There being no evidence to the contrary, plaintiff is surely bound by this showing made by him.

We claim that the only statute in regard to the construction and repair of sidewalks in cities of the third class are Pol. Code. and Sec. 1541, 1545, are complete, and we submit that the provisions of section 1298 of the Political Code of this state, so far as this sidewalk is concerned, has nothing whatever to do with the question at issue.

We claim that after the proceedings for the enforcement of the building of a sidewalk has been begun, the owner of the land cannot avoid this tax under circumstances such as appear in this case, by making a transfer thereof. Douglas et al. v. City of Cincinnati, 29 O. St. 165.

On the question of what is abutting property see the case of Richards v. City of Cincinnati, 31 O. St. 506.

We further claim in this case that the whole of outlot 18 except the north 175 feet thereof is subject to the lien of these taxes regardless of whether the transfer was fraudulent and with intent to avoid the tax or not. See the case of City of Cincinnati v. Brasche, 40 N. E. 21; Dougherty v. Miller, 36 Cal. 83; Mfg. Co. v. City of Davenport, 70 N. W. 707; Fass et al. v. Seehawer et al., 19 N. W. 533; Ranson v. City of Burlington, 92 N. W. 427; Smith et al. v. City of Des Moines, 76 N. W. 836; C. B. R. Co. v. City of Quincy, 27 N. E. 192.

CORSON, J. This is an appeal by the plaintiff from a judgment entered in favor of the defendant, and from the order denying a new trial. The action was instituted by the plaintiff to quiet title to a certain tract of land in the city of Hurley described by metes and bounds and known as outlot 18, except the north 175 feet and except a strip ten feet in width and extending 525.1 feet along the street; the plaintiff alleging in his complaint, in substance, that he is the owner and in the possession of said outlot No. 18, excepting portions above described, and that the defendant, a city of the third class, claimed an interest adverse to the title of the plaintiff to said premises; and the plaintiff further alleged that the said claim of the said defendant was made under

and by virtue of a pretended sidewalk assessment spread upon the records of the county auditor for the sum of $319.16, which assessment so levied against said property and spread upon the records of the county auditor was illegal and void. The defendant in its answer sets out quite fully the proceedings resulting in the assessment of the said property of the plaintiff, and alleges that said assessment of the plaintiff's outlot No. 18 constituted a valid lien upon the whole of the same, except the 175 feet on the north end thereof.

[1] The case was tried to the court without a jury, and the findings of fact by the court will be hereafter more fully referred to. It is disclosed by the record that certain proceedings of the city council of the city of Hurley ordering the construction of sidewalks on the east side of outlot 18, except the north 175 feet thereof, were commenced on the 7th day of September, 1909, and that a purported conveyance was made by the plaintiff to one O'Connell of a strip of land adjoining said street 10 feet in width and extending along said street 525 feet, bearing date of October 6, 1909, acknowledged the same day, and recorded October 8th of the same year.

It is contended by the plaintiff that the defendant could acquire no lien upon the portion of outlot 18 claimed by plaintiff, for the reason that there intervened between said outlot owned by the plaintiff and the said street, the strip of land above mentioned. The court in its findings found that said alleged transfer above referred to was made for the purpose of avoiding the payment of the sidewalk tax, and concludes that said transfer was "void and of no effect so far as it relates to the tax assessed for building of said sidewalk, and that said tax is a lien upon the whole of said outlot 18 except the north 175 feet thereof." We are of the opinion after a careful review of the evidence that the court's finding was fully sustained by the same. O'Connell, it appears from the evidence, was in the employ of the plaintiff, and engaged in ranching in the western part of the state. He was a single man without a family, and had no other interest in the defendant city. The purported conveyance by the plaintiff to O'Connell of the strip of land 10 feet in width and extending 525 feet along

the street was a most remarkable transaction. What use O'Connell could make of that strip of 10 feet in width, and extending along the street for the distance of 525 feet, it is somewhat difficult to imagine. Certainly no buildings could be erected on the land extending only 10 feet back from the street line, and, while O'Connell claims that he purchased the strip for an investment, it is quite clear that the real transaction between the plaintiff and O.'Connell was intended to protect the plaintiff's outlot from the expense of constructing the sidewalk along the eastern side of same. The finding of the court was, in our opinion, sustained by the evidence. The question of the ownership of the 10-foot strip is therefore practically eliminated from the case, and we shall assume for the purposes of this decision that the plaintiff was the owner of the whole of outlot 18, except the 175 feet above mentioned.

This brings us to the question as to whether or not the proceedings of the common council of the defendant were such as to render the lien of the city valid and binding upon said outlot. The findings of the court are very voluminous, and we shall not attempt to reproduce them in full in this opinion, as they contain at great length the motions, resolutions, and ordinances adopted by the city council in the proceedings taken for the construction of the sidewalk in controversy, but such of them as we deem material will be referred to.

It is disclosed by these findings that on September 7, 1909, on motion, it was decided to construct sidewalks on the east side of outlot 18 and other streets; that on September 13th Ordinance No. 29, being an ordinance establishing sidewalks as in previous motion on September 7th, was introduced; that on September 20th Ordinance No. 29 was read for the second time and upon motion passed; on October 4th a resolution was introduced and the date of final action set for October 18th, and notices were ordered posted on the property affected and served on the owners of same. On October 18th the sidewalk resolution introduced at the previous session was read, and the parties interested were given an opportunity to enter objections. W. B. Wood appeared on behalf of the tile factory, and stated that they did not want to

put in the walk, but, if compelled to put one in, they would put in cement, but did not feel safe in doing so that fall, owing to the lateness of the season.    On motion the resolution introduced on October 4th relating to the construction of sidewalks on Wash-, ington and Judson streets was adopted, and, upon motion, a resolution was also adopted which provided that the parties should be given until May 1, 1910, in which to construct the sidewalks.   It is further .disclosed by the record that the plaintiff, W. B. Wood, was the owner of the whole of outlot 18, except the north 175 feet thereof, on September 7, 1909, the time that the common council began proceedings for the construction of a sidewalk on the east side of said outlot, and that the notices required to be given to the owner and to be posted on the premises adjoining the proposed sidewalk were duly served and posted, and that the notice served upon the plaintiff, Wood, was served on October 7, 1909.

The assignments of error are quite numerous but may be grouped under four headings:   (1) That the ordinance passed by the city council failed to state that "necessity existed for the construction of said sidewalks"; (2) that the ordinance provided for sidewalks along different streets in the same ordinance; (3) that the court erred in finding that the proceedings certifying the amount of the assessment by the city auditor were legal and valid and created a valid lien upon the outlot of the plaintiff; (4) that the court erred in not finding the facts as presented to him by the proposed findings of the plaintiff.

[2] Section 1541, P. C., provides:   "Whenever the common council of any city of the third class,  * * *  shall deem it necessary to construct or repair any sidewalk in any such city or town they shall require the street commissioner to notify in writing all resident owners and occupants of any lot or lots or parcels of land adjoining such sidewalk to construct or repair the same at his or their own proper expense and charge within the time designated in said notice. * * *" Section 1542: "If such work is not done and the said sidewalks not built or repaired in the manner and within the time prescribed, the common council  * * *  may order the same to be done by the street commissioner at the

expense of the lots and parcels of land adjoining said sidewalks, and said expenses shall be assessed upon such lots and parcels of land so chargeable by the street commissioner and returned by him to the common council or board of trustees. And said assessment so made and returned, if approved by the common council * * * shall become a lien upon said lots and parcels of land as in case of city, county and state taxes." Section 1543 provides that, if said assessment is not paid by the 20th day of August, the same shall be certified to the county auditor, and section 1544 provides that the common council shall prescribe the width of such sidewalks and may establish different widths in different localities, and determine the kind of material of which they shall be constructed.

It will be observed that section 1541 provides that "whenever the common council of any city of the third class * * * shall deem it necessary to construct or repair any sidewalk," etc. It is contended by the appellant that the ordinance adopted in the case at bar was fatally defective, in that it does not affirmatively appear that it was declared by the common council to be necessary to construct such sidewalk. It is insisted, however, on the part of the defendant that, inasmuch as the section does not require in express terms that such declaration shall be contained in the ordinance, no such declaration is necessary. We are inclined to take the view that the defendant is right in its contention, and that it is sufficient that the city council pass an ordinance, and thereby affirm the necessity of the construction of such sidewalk. The Legislature having failed to require that the declaration as to the necessity shall be contained in the ordinance, this court is not at liberty to interpolate into the law a provision not contained therein. The learned counsel for the plaintiff has cited a number of authorities holding that, unless such declaration is contained in the ordinance, the same is void, but an examination of the authorities discloses the fact that in all, or nearly all, the cases the Legislature had required that the ordinance should contain such a declaration. Council cites as one of his cases McLauren v. City of Grand Forks, 6 Dak. 397, 43 N. W. 710, decided by the late territorial Supreme Court of the territory of Dakota, but in that case it is

said by the court in its opinion: "It is provided by the city
charter of the city of Grand Forks, in substance, that when the
mayor and council shall deem it necessary to grade any street,
alley, etc., within the limits of the city, for which a special tax
shall be levied the mayor and council shall, by resolution, *declare
such work and improvement necessary to be done.*" It will thus
be seen that in that case the charter specifically provided that the
resolution should "declare such work and improvement necessary."
In the cases of White v. Stevens, 67 Mich. 33, 34 N. W. 255,
Hoyt v. City of Saginaw, 19 Mich. 39, 2 Am. Rep. 76, and City
of Kirksville v. Coleman, 103 Mo. App. 215, 77 S. W. 120, the
same provision was contained in substance as in the McLauren
Case above quoted. In the case of Hoyt v. City of Saginaw,
supra, the Supreme Court of Michigan, speaking by Chief Jus-
tice Cooley, says: "The charter of the city of East Saginaw pro-
vides * * * 'whenever the common council shall deem any such
improvement necessary they shall so declare by resolution.'" In
the case of City of Kirksville v. Coleman, supra, the Missouri
Court of Appeals uses the following language in discussing cer-
tain sections of the ordinance upon which the action was based:
"It is therein provided that whenever the city council shall deem
it necessary to improve a street it shall declare by resolution, pub-
lished for two weeks, that such work is necessary to be done."
In section 1303, P. C., it is provided that, "when the city council
shall deem it necessary" to make certain improvements, grading,
etc., "the city council shall by resolution declare such work or im-
provement necessary to be done." This provision, however, is
contained in the chapter preceding the one in which are contained
the provisions relating to the construction of sidewalks in cities
of the third class heretofore quoted from. The Legislature having
provided in section 1303 that, "when the city council shall deem
it necessary to open certain streets," etc., they shall declare by
resolution the work or improvement necessary, but omitted this
provision in section 1541, providing for the construction of side-
walks in cities of the third class, we must conclude that it was
omitted intentionally, and that the Legislature had good and valid
reasons for such omission. It is contended by the defendant that

sections 1541-1545, P. C., contain all the provisions required for the construction of sidewalks in cities of the third class, and we are of the opinion that the defendant is right in its contention, and that it is not necessary or proper in the decision of this case to consider the provisions contained in the preceding chapter for the purpose of determining the validity of the proceedings and the assessment in this case. We are of the opinion, therefore, that the court was right in holding the ordinance valid notwithstanding the decisions under the provisions contained in the statutes and ordinances in the cases cited.

[3] It is contended by the appellant that as the ordinance providing for the construction of sidewalks in the city of Hurley included a number of streets in the same ordinance the proceedings are invalid, but we are of the opinion that this contention is not tenable. It is true that in the case of Whittaker v. City of Deadwood, 23 S. D. 538, 122 N. W. 590, 139 Am. St. Rep. 1076, this court held that an ordinance providing for the paving of a number of streets in the city of Deadwood in the same ordinance was invalid for the reason that the streets were of different widths, and that the expense of paving imposed unequal burdens upon the property holders on different streets. That decision, however, has no application to the case at bar, as the expense attending the construction of the sidewalk is to be borne by the respective lots in proportion to the number of feet fronting on the same, and no injustice can result to the owners of lots fronting on the street by reason of the fact that other streets are included in the same ordinance, and such seems to be the view of the Supreme Court of Illinois in Springfield v. Green, 120 Ill. 269, 11 N. E. 261, and Wilbur v. Springfield, 123 Ill. 395, 14 N. E. 871, quoted from in the case of Whittaker v. City of Deadwood, supra. The fact, therefore, that sidewalks were ordered to be constructed on several streets where the same were to be constructed practically of the same material and substantially the same width, does not, in our opinion, render the ordinance invalid. The use of the term "street" in the statute instead of "streets" does not in our opinion necessarily imply that sidewalks on different streets may not be ordered constructed in the same ordinance.

[4] It is contended by the plaintiff that the certificate of the city auditor transmitted to the county auditor showing the amount of the assessment of tax is illegal and void, but in our opinion this contention is untenable as the proceedings of the common council and the auditor as found by the court were in substantial compliance with the provisions of section 1543, P. C. Said certificate is as follows: "Office of Auditor, City of Hurley, South Dakota, August 26, 1910. To the Auditor of Turner County, South Dakota: I, A. J. Allen, auditor of the city of Hurley, S. D., hereby certify that the sum of $319.16 has been assessed and taxed by the acting city commissioner of the city of Hurley, S. D., against all of outlot '18 except the north 175 feet thereof for the construction of a sidewalk on the east side of the above described property, and that said assessment and tax has been approved by the council of the city of Hurley, S. D., on the 12th day of August, 1910. You are hereby instructed to insert said assessment and tax against the above described property with the other taxes in your annual statement of taxes to the county treasurer for collection. [Signed] A. J. Allen, Auditor City of Hurley, S. D." The court found that proper notices were served upon the plaintiff, Wood, and duly published as required by law, and that the certificate of the city auditor was duly spread upon the records of the county auditor as required by law. The findings are clearly sustained by the evidence, and the court's conclusion that the defendant was entitled to judgment is fully sustained by the findings.

[5] It is contended by the plaintiff that there was a double assessment, in that the sidewalk tax of $319.16 also appeared on the records of the said county auditor as assessed and the tax levied against the said O'Connell interest in the said property, but this proceeding of the county auditor in spreading the same upon his records was clearly unauthorized and null and void, and, in fact, there was only one legal assessment or tax levied upon the said property and authorized by the city auditor to be spread upon the records of the county auditor. The contention of the plaintiff that the findings proposed by him should have been found by the court is based mainly upon the two propositions that O'Connell

was the owner of the 525-foot strip heretofore referred to adjoining the sidewalk and the omission of the common council to declare in their ordinance providing for the construction of the sidewalk that the same was necessary, but as we have held that the finding of the court that the conveyance from the plaintiff to O'Connell was not a valid conveyance as against the proceedings taken by the common council, and the omission of the council in the ordinance to declare that, the sidewalk was necessary did not invalidate the ordinance, it will not be necessary to review the errors assigned as to the court's refusal to make the findings requested by the plaintiff specifically, as we are of the opinion that the court was clearly right in refusing to make the same.

We have not overlooked the other assignments of error, but do not deem them of sufficient importance to merit separate discussion.

Our conclusion, therefore, is that the judgment and order denying plaintiff's motion for new trial were correct, and the same are affirmed.