NYSTROM et al., Respondents v. STATE et al., Appellants

(104 N.W.2d 711)

(File No. 9852. Opinion filed September 8, 1960)

**Parnell J. Donohue,** Atty. Gen., **John B. Wehde, Robert V. Haeder,** Asst. Attys. Gen., for Defendants and Appellants.

**Burnell Hendricksen, Bottum & Christol,** Rapid City, for Plaintiffs and Respondents.

ROBERTS, Presiding Judge. Defendants appeal from a judgment of the Circuit Court of Pennington County in favor of the plaintiffs in action to quiet title to land formerly used for a railroad right of way.

James A. Jared was the owner of the E½ SW¼ of Section 5, Township 1 North, Range 6, East of the Black Hills Meridian, Pennington County, South Dakota, and the common source of title. On January 10, 1906, he for a recited consideration of $300 conveyed to the Missouri River & Northwestern Railway Company a strip 100 feet in width across this 80 acre tract. Selmer Evenson acquired title to this land and whatever right or title that grantor retained in the right of way. On January 9, 1956, Evenson by warranty deed conveyed to the State of South Dakota a strip 132 feet in width across the 80 acre tract which includes a part of the abandoned right of way. The State contends that there was a reversion of title to the right of way when the railroad company abandoned its use and that the State has acquired title thereto by the conveyance.

Through successive conveyances the title of the Missouri River & Northwestern Railway Company, if any, in the strip 100 feet in width across the land in question vested in the plaintiff A. S. Nystrom.

The deed of James A. Jared to the railroad company in 1906 conveyed "all the estate, right, title, interest, claim and demand whatsoever" of the grantor "either in law or in equity, of, in and to the above bargained premises, with the hereditaments and appurtenances. To have and to hold the said premises above bargained and described, with the appurtenances, unto the said party of the second part, its successors and assigns forever. * * * And the said party of the first part hereby expressly waives and releases * * * all damages to the lands of said party of the first part which have been or may hereafter be caused by reason of the construction, maintenance and operation of a railroad on said

granted premises or by reason of any lawful use whatever of said granted premises by said party of the second part, its successors or assigns". It seems to be the weight of authority that where the grant is not of the land, but merely of the use or of the right of way, and in some cases of the land specifically for a right of way, it may mean an easement only. See Annotations in 84 A.L.R. 271 and 132 A.L.R. 143. The conveyance is not limited by its terms to railroad right of way or tracks and there is no reverter clause or conditions. The deed upon its face conveyed an unqualified title in fee and not an easement.

Defendants contend that the laws of this State provide for a uniform rule for the acquisition of lands "for railroad tracks and other highways" and that a title acquired by voluntary grant, purchase or condemnation is merely an easement because railroad companies have no authority by agreement or otherwise to take the fee title.

Section 488, Revised Civil Code 1903, was in force in 1906 when the strip 100 feet in width was conveyed to the Missouri River & Northwestern Railroad Company. This statute, in addition to other powers, conferred authority upon railroad companies "* * * 2. To take and hold such voluntary grants of real estate and other property as may be made to it, to aid in the construction, maintenance and accommodation of its railroad; but the real estate received by voluntary grant shall be held and used for the purposes of such grant only. 3. To acquire under the provisions of this article or by purchase, all such real estate and other property as may be necessary for the construction, maintenance and operation of its railroad, and the stations, depot grounds, and other accommodations reasonably necessary to accomplish the objects of its incorporation; to hold and use the same, to lease or otherwise dispose of any part or parcel thereof, or sell the same when not required for railroad uses, and no longer necessary to its use."

■ Section 13 of Article VI of the South Dakota Constitution provides so far as here material: "Private property

shall not be taken for public use, or damaged, without just compensation as determined by a jury * * *. The fee of land taken for railroad tracks or other highways shall remain in such owners, subject to the use for which it is taken." This section has reference to the taking of private property for a public use as is contemplated by the exercise of the power of eminent domain. When land is taken by condemnation proceedings for railroad tracks, the fee remains in the owner and the condemnor acquires only an easement in the land.

In Sherman v. Sherman, 23 S.D. 486, 122 N.W. 439, 442, the property involved was acquired before statehood by an instrument in the form of a release by the owners. This court construed the instrument as a quitclaim deed transferring to the railroad company a fee title rather than an easement. Construing the language of the original enactment of subdivision 3 of Section 488 (§ 2999, Comp.Laws 1887), supra, this court said: "It seems to be quite evident that the legislative mind intended that a fee title should pass to the railway company, and that there is no way of escaping this conclusion. It is plainly apparent from the reading of the statute that the title to be acquired under these provisions is co-extensive and correlative with the power of holding and disposition of the lands so acquired. The plain intent of the legislative assembly was that a complete title should be vested in the company. The very wording and form of this grant in question are such as to make it clear that plaintiffs intended to convey and the company to acquire the full title contemplated by this statute—a fee-simple title." See also Hedger v. Aberdeen, B. & N. W. Ry. Co., 26 S.D. 491, 128 N.W. 602; Jones v. Oklahoma City, 192 Okl. 470, 137 P.2d 233, 155 A.L.R. 375; Gilbert v. Missouri K. & T. Ry. Co., 8 Cir., 185 F. 102; Quinn v. Pere Marquette Ry. Co., 256 Mich. 143, 239 N.W. 376; Clay v. Missouri State Highway Commission, 362 Mo. 60, 239. S.W.2d 505. The statute granted authority to sell when land was no longer necessary for railroad purposes. The legislature would not have granted this authority if it had not intended to vest authority to acquire an interest or title that could be sold.

Defendants direct attention to the fact that the deed in the Sherman case was executed prior to the adoption of the Constitution and that the limitation as therein provided, Section 13, Article VI, was not considered. The land involved in the present action was acquired by purchase and not by condemnation. The constitutional provision in question is not a limitation upon the right of a railroad company to acquire land by purchase. See Cleveland, C.,C. & St. L. Ry. Co. v. Central Illinois Public Service Company, 380 Ill. 130, 43 N.E.2d 993; Oklahoma City v. Dobbins, 172 Okl. 194, 44 P.2d 148. There was statutory provision granting authority to the railroad company to acquire real property for the construction, maintenance and operation of its railroad at the time of the execution of the Jared deed and neither the statute nor the constitution limited the quantum of interest that could be acquired by purchase.

Judgment appealed from is affirmed .

All the Judges concur.