Barbara A. BROWN and Milton D. Brown, Plaintiffs and Appellees,

v.

BOARD OF COUNTY COMMISSIONERS FOR PENNINGTON COUNTY, South Dakota, and Leo Hamm, Neil Van Sickle, Less Triggs and Gladys Babcock, as individuals and members of the Pennington County Board of Commissioners, and the Pennington County Highway Department, and Jack C. Dier as Director and as an individual, Defendants and Appellants.

No. 15893.

Supreme Court of South Dakota.

Argued Feb. 17, 1988.

Decided April 20, 1988.

Dennis C. Whetzal, Rapid City, for plaintiffs and appellees.

Gregory J. Barnier, Rapid City, for defendants and appellants.

WUEST, Chief Justice.

Appellant, Pennington County (County), appeals a judgment in favor of Barbara and Milton Brown (Browns), who were awarded damages based on an action in inverse condemnation. We reverse.

Sometime in the late 1800's, one Joseph J. Reynolds staked a claim to real estate in Pennington County now owned by the Browns. In 1892, Mr. Reynolds filed a mineral survey which showed a road running through his property. The road was

originally built by Reynolds as a private toll road. The original Reynolds Ranch served as a stagecoach stop enroute to Deadwood.

As the decades passed, this road, which is now known as C–306, was maintained by the County and used by the public. The Reynolds claimed ownership of the two-mile segment of road running through their property even though the County and the public exercised continual open and notorious use of the road. The Reynolds family had been assessed property taxes on the real estate comprising C–306 since the turn of the century.

The Browns purchased the ranch property in 1982. They had trouble acquiring financing for the purchase because the title search revealed that access to the property had not been established as of record. In 1982 the Browns platted the property but did not include a dedication of the road. The County accepted the plat subject to an adjustment to exclude the right-of-way for C–306.

The Browns became dissatisfied with County's maintenance of the road and did some of their own. They also became disgruntled because the County would not give them any tax relief for the property on which the road was located. In September, 1984, the Browns closed the road to the general public for 24 hours as an assertion of their ownership rights.

In 1985, the Browns brought a claim in inverse condemnation pursuant to Article VI, Section 13 of the State Constitution. The issues of ownership and the right to compensation were addressed to the trial court, and the court held a non-jury trial on these issues on August 15, 1986.

In its findings of fact the trial court noted that the County had maintained the road and the public had used it for over fifty years. The court therefore concluded as a matter of law that the road had been dedicated by implication to public use under SDCL 31–3–1.[1]

1. Whenever any road shall have been used, worked, and kept in repair as a public highway continuously for twenty years, the same shall be deemed to have been legally located or dedicated to the public, and shall be and remain a

At this point the question became whether or not the Browns were entitled to compensation. The court determined that there should be compensation under SDCL 31-3-5.[2] The court then noted that the record showed no compensation had been made, and that although after twenty years there is a presumption of payment, the Browns had overcome the presumption.[3]

The final question was whether or not the right to compensation was barred under the statute of limitation or the defense of adverse possession. The court noted that SDCL 15-3-2 establishes a twenty-year statute of limitations. The court also noted, however, that the County had failed to affirmatively plead statute of limitations as required by SDCL 15-2-1. Therefore, inasmuch as statute of limitations, laches or estoppel were not pled, the case could not be decided on those defenses. As for the defense of adverse possession, the court noted that the road had been openly, visibly and continuously used by the County and the public for over fifty years. However, the court found that the Browns and their predecessors in interest had continuously paid property taxes on the land and concluded as a matter of law that the County had not acquired title by adverse possession.

The jury awarded the Brown's $12,000. The trial court awarded prejudgment interest, attorney's fees and costs.

The primary issue in this case is whether or not the Browns are entitled to compensation. The key to answering this question lies in nature of an implied dedication.

■ In a dedication, the private landowner intentionally appropriates land for public use. 23 Am.Jur.2d, Dedication §§ 1, 5 (1983); 26 C.J.S. Dedication §§ 1, 11 (1956). The dedication may arise by express grant or by legal implication, whereafter the landowner is estopped from precluding public use of the land. 23 Am. Jur.2d §§ 1, 3, 34, 57; 26 C.J.S. §§ 1, 2, 12, 13, 15.

■ By operation of law, a road is deemed dedicated to public use and becomes a public highway if it has been "used, worked, and kept in repair as a public highway for twenty years." SDCL 31-3-1. The public thereafter acquires an easement on the servient estate of the landowner. S.D. Const. Art. VI § 13; *Cuka v. State*, 80 S.D. 232, 122 N.W.2d 83 (1963); *Nystrom v. State*, 78 S.D. 498, 104 N.W.2d 711 (1960); 23 Am.Jur.2d § 58; 26 C.J.S. § 50. Generally, an easement taken by the public is compensable, but compensation depends upon the manner in which the public acquired the property interest.

■ SDCL 31-3-5 does not provide for compensation in this case. The statute merely establishes a statutory prohibition similar to Constitutional Article VI, § 13 in that it requires compensation to persons holding an interest in the property before the government effects its possessory right. The statute further provides, however, that those persons may give their prior written consent and await the determination of damages. SDCL 31-3-5 does not require payment of damages where the public has already acquired an easement because the landowner has made no affirmative attempt to prevent the public maintenance and use of the road for a period of more than twenty years.

■ The very essence of a dedication is that there is no compensation to the dedicator. *Carstens v. California Coastal Com'n*, 182 Cal.App.3d 277, 227 Cal.Rptr. 135 (1986); *State ex rel. Haman v. Fox*, 100 Idaho 140, 594 P.2d 1093 (1979); *Morris v. City of Indianapolis*, 177 Ind. 369,

---

public highway until changed or vacated in some manner provided by law. SDCL 31-3-1.

2. No public highway shall be opened, worked, or used until the damages assessed therefor shall be paid to the persons entitled thereto or deposited in the county treasury for their use, or they shall give their consent thereto in writing filed with the county auditor. SDCK 31-3-5.

3. Under *Faulk v. M.R. & N.W. Ry. Co.*, 28 S.D. 1, 132 N.W. 233 (1911), after twenty years there is a presumption of payment and a party must overcome this presumption in order to establish the right to receive compensation.

94 N.E. 705, 711 (1911); *Rauenstein v. New York, L. & W. Ry. Co.*, 136 N.Y. 528, 32 N.E. 1047, 1049 (1893). In this case, Brown's predecessors in interest acquiesced in the use and maintenance of the road for more than twenty years, and therefore the Browns can neither receive compensation for the dedication or prevent the public use of the roadway.

With this decision we need not resolve the other issues presented, and therefore we do not address them here.

Reversed.

All the Justices concur.