CITY OF SIOUX FALLS, Plaintiff
and Appellee,

v.

Arnold E. MURRAY and Elnor M. Murray, d/b/a Arnold Murray Construction, and Arnold Murray, Executor of the Estate of Elnor M. Murray, Deceased, Defendants and Appellants.

No. 17101.

Supreme Court of South Dakota.

Considered on Briefs Feb. 12, 1991.

Decided May 22, 1991.

Janet F. Brekke, Asst. City Atty., Sioux Falls, for plaintiff and appellee.

David Alan Palmer of Strange & Palmer, Sioux Falls, for defendants and appellants.

MILLER, Chief Justice.

In this appeal, we affirm a final judgment and order granting the city of Sioux Falls (City) a permanent injunction against Arnold E. Murray and Elnor M. Murray, d/b/a Arnold Murray Construction (a general partnership) (hereinafter referred to as Murray) and denying Murray's counterclaim. In its complaint, City sought permanent injunctive relief requiring Murray to remove dirt and sod placed on a sidewalk and to prevent Murray from covering, obstructing or removing such sidewalk. Murray filed an answer admitting that it owned the disputed property and that it had the sidewalk covered with dirt and sod. Murray counterclaimed, seeking an order requiring City to install a new sidewalk adjacent to the curb and to maintain such sidewalk during periods of snow removal at no expense to Murray.

FACTS

The sidewalk involved in this litigation is on private property owned by Murray. It was originally installed in 1953 *at the specific request* of then property owner Louis Bogdos, as part of a street-widening project. Bogdos paid for the installation of this sidewalk by means of a special assessment. Murray purchased the property from Bogdos in 1968 or 1969.

In 1984, a dispute occurred between City and Murray, when Murray refused to remove snow from the sidewalk. Murray was charged with violating ordinances which required landowners to remove snow from their sidewalks. Murray was ultimately acquitted of this charge. Murray subsequently filed a 42 U.S.C. § 1983 action against City in federal court. The Eighth United States Circuit Court of Appeals ultimately ruled in City's favor.[1]

The sidewalk has been in continuous use by the public since 1953. Although he has owned the property since 1968 or 1969, Murray has not objected to the public use of the sidewalk (similarly Bogdos never so objected).

In 1989, Murray covered the sidewalk with dirt and sod, which prevented the pub-

1. *Murray v. City of Sioux Falls,* 867 F.2d 472 (8th    Cir.1989).

lic from using it. City then brought this action and the trial court held that (1) Bogdos clearly expressed an intent to set apart the sidewalk for public use; (2) it is a dedicated sidewalk; (3) City has authority to remove obstructions and keep it free from obstructions; (4) Murray breached its duty to City to keep the sidewalk free from obstructions; (5) pecuniary compensation is not adequate relief; and (6) the counterclaim should be dismissed. We agree with the trial court.

## DECISION

### THE TRIAL COURT DID NOT ERR IN GRANTING AN INJUNCTION.

Murray's principal assertion is that there is no statutory authority which allows for public dedication of private property for a sidewalk. Murray therefore relies principally on authority under SDCL ch. 31–3, which deals with location, change and vacation of *highways*. Murray overlooks the significance of those portions of SDCL chs. 9–30 (regulation of streets and public places), and 9–46 (sidewalk improvements), which concern municipal sidewalks. In those chapters, the legislature has given much authority to municipalities to deal with sidewalks within their boundaries.

SDCL 9–30–2 specifically grants municipalities the power to "regulate the use of sidewalks, ... to provide for cleaning the same, to prevent and remove obstructions and encroachments upon the same, to prevent injury to the same, to regulate or prevent any practice having a tendency to annoy persons frequenting the same[.]" Additionally, SDCL 9–30–5 grants municipalities the power to require landowners to remove snow and ice from sidewalks. In fact, in *Murray, supra* (see footnote 1), the Eighth United States Circuit Court of Appeals specifically noted that City's adoption of its ordinance was a reasonable discretionary action and was within the scope of City's authority.

It is settled law that the State "as principal and creator of municipal corporations has absolute control over them, unless some constitutional provision intervenes. Thus, the legislature may grant power to a municipality to regulate the use and improvement of streets." *Hurley v. Rapid City*, 80 S.D. 180, 185, 121 N.W.2d 21, 24 (1963). The same rationale applies to sidewalks. *Wood v. City of Hurley*, 29 S.D. 269, 136 N.W. 107 (1912).

As the trial court found, SDCL 9–46–1 through 1.2 grant City the authority to prescribe the width and materials of sidewalks and other specifications. The sidewalk here was built pursuant to City's specifications.

Additionally, SDCL 9–46–2 provides, in salient part: "Any owner of real property who fails to keep in repair the sidewalks in front of or along such property if he resides thereon, or if he does not reside thereon, to repair the same forthwith when notified, is liable to the municipality for any damage caused by such neglect[.]"

In a dedication, the private landowner intentionally dedicates land for public use. The dedication may arise either by express grant or by legal implication. *Brown v. Pennington County Bd. of Commissioners*, 422 N.W.2d 440, 442 (S.D.1988). *See Sweatman v. Bathrick*, 17 S.D. 138, 95 N.W. 422 (1903) (with certain exceptions, there is no difference between common law and statutory dedication). Clearly, this sidewalk was dedicated for public use by Bogdos, who specifically requested and paid for its construction.

It is settled law in this state that conduct on the part of an owner clearly expressive of an intention to dedicate usually amounts to a dedication if acted upon by the public in a manner which clearly justifies the inference of acceptance. *Evans v. City of Brookings*, 41 S.D. 225, 170 N.W. 133 (1918). *See also Haley v. City of Rapid City*, 269 N.W.2d 398 (S.D.1978); *Tinaglia v. Ittzes*, 257 N.W.2d 724 (S.D.1977); *Edmunds v. Plianos*, 74 S.D. 260, 51 N.W.2d 701 (1952); *Larson v. Chicago, M. & S.P. Ry. Co.*, 19 S.D. 284, 103 N.W. 35 (1905); *Mason v. City of Sioux Falls*, 2 S.D. 640, 51 N.W. 770 (1892). That has obviously occurred in this case. *Brown*, 422 N.W.2d at 443.

The sidewalk here was dedicated to the public in 1953 and has been used as such continuously since that time. Murray had

absolutely no authority to cover the sidewalk with dirt and sod and, in so doing, breached its obligation by not keeping the sidewalk in repair for public passage.

Obviously, pecuniary compensation does not afford adequate relief. The trial court thus appropriately granted the permanent injunction and required Murray to remove any and all obstructions and repair any damage caused by the obstruction or removal processes.[2]

The judgment of the trial court is affirmed in all respects.

WUEST, HENDERSON, and SABERS, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

AMUNDSON, J., not having been a member of the Court at the time this case was considered, did not participate.

2. The trial court appropriately entered an alternative order that if Murray failed to remove the obstruction and repair the damage within thirty days the City was allowed to enter upon the property, remove the obstruction, repair any damage, and assess the costs against Murray's property.