MIDLAND NATIONAL LIFE INS. CO., Appellant, v. JOHNSON, et al, Respondents

(7 N. W.2d 620.)

(File No. 8541. Opinion filed January 19, 1943.)

See, also, 68 S. D. 146, 299 N. W. 297.

**C. R. Jorgenson,** of Watertown, for Appellant.
**J. G. McFarland,** of Watertown, for Respondent.

ROBERTS, P.J. This action was brought by plaintiff to foreclose two real estate mortgages. Plaintiff appeals from the portion of the judgment reading as follows: "That the fair and reasonable value of the farm land in said premises is the sum of $25.00 per acre; and the buildings on said premises are of the fair and reasonable value of $3,000.00 making a total valuation of $10,846.00; and that the mortgagee is authorized to bid not less than that amount upon foreclosure sale; * * * such sale to be made for a sum not less than $10,846.00, the fair and reasonable value of the premises as determined by this Court."

It appears from the record that on March 2, 1925, Mary A. Finnerud and H. M. Finnerud, her husband, executed and delivered to the plaintiff insurance company notes in the amounts of $5,500 and $4,500, and secured the payment of each not by executing and delivering a mortgage on a quarter section of land. The properties described in the mortgages are the northwest quarter of section 1 and the northeast quarter of section 2, township 117, range 53, Codington County. Counsel for plaintiff at the trial of this action stated that plaintiff was not willing at a foreclosure sale to bid the full amount of the mortgages. The provisions of Chapter 146, Laws 1939, require that the right to a deficiency judgment must be determined in the foreclosure action. This statute provides:

"Section 1. In any foreclosure of a mortgage upon real

estate by action, the mortgagee, his assigns or their legal representatives, may purchase the premises, or any part thereof, at such foreclosure sale, providing he bids fairly and in good faith, and bids the fair and reasonable value thereof.

"Section 2. Except as otherwise provided by this Act, the foreclosure by action of a mortgage upon real estate shall operate as a complete extinguishment, satisfaction and payment of the debt secured by such mortgage; provided that if the holder of such mortgage is not willing at such sale to bid the full amount of the judgment debt, it shall be the duty of such mortgage holder to establish at the time of the trial by competent proof to the satisfaction of the Court, the fair and reasonable value of the mortgaged premises, and the Court shall determine the same in its decree; and if the Court shall find such fair and reasonable value to be less than the sum due on said mortgage, with costs and expenses of sale, it may by such decree authorize such mortgage holder to bid not less than the fair and reasonable value as thus determined, and if a deficiency remains after the foreclosure sale, such mortgagee, or his assigns, shall be entitled to a general execution for such deficiency only upon application to the Court in which the judgment was rendered."

Plaintiff insists on this appeal that the provisions of this statute are unconstitutional, invoking the principle that the obligation of a contract cannot be impaired by an act of the legislature, and, second, that if the act is constitutional, plaintiff was entitled to a separate determination of the fair and reasonable value of the tracts described in the mortgages.

 Plaintiff sought by submission of evidence of the fair and reasonable values of the mortgaged properties a determination of its right to deficiencies. The question of the constitutionality of the act was not raised in the court below, but is urged for the first time on appeal. We have heretofore held that the constitutionality of a statute will be considered only when it has been properly presented in the lower court. Lyon et al. v. Bertolero et al., 23 S. D. 82,

120 N. W. 766. We express no opinion on the constitutional objections which plaintiff has sought to present to such legislative measure.

The court found that there was due and owing the sum of $6,376.65 on the note for $5,500 described in the first cause of action and the sum of $5,217.25 on the note for $4,500 described in the second cause of action. The trial court denied a request for findings as to the fair and reasonable value of each tract. Plaintiff contends that where the same mortgagor executes separate mortgages to the same mortgagee upon separate tracts of land to secure distinct debts the court in decreeing foreclosure of the mortgages must upon submission of competent proof determine the fair and reasonable value of each tract and direct that the mortgaged premises be sold separately.

■■ The parties by the terms of the mortgages determined the amount of the lien to be imposed upon each tract. The one tract of land is not liable for the debt secured by the other. The provisions of the 1939 Act do not purport to authorize the court to require a bid in excess of the amount due on a mortgage together with costs and expenses of sale. We are impelled to the conclusion that there exists no authority for the action of the court in fixing a single value and requiring a sale in gross of the mortgaged properties. Hull v. King, 38 Minn. 349, 37 N. W. 792; Child v. Morgan et al., 51 Minn. 116, 52 N. W. 1127; Shears et al v. Traders' Bldg. Ass'n et al., 58 W. Va. 665, 52 S. E. 860. It is suggested that we are not warranted in disturbing the findings because plaintiff is not prejudiced. The court found the buildings to be of the value of $3,000. If the two tracts exclusive of improvements are substantially of the same value, it would appear that the fair and reasonable value of the quarter section with the improvements exceeds the amount of the indebtedness secured. Plaintiff would be required in effect to bid an amount in excess of the judgment debt on the one quarter section and to apply the surplus to a partial discharge of the lien against the other mortgaged tract.

Defendants assert that the court on the basis of the evidence presented cannot determine the value of the separate tracts. We think there is sufficient evidence on which the court can make such findings. True, several of the witnesses testified as to the value of the half section, but there was testimony on the part of the plaintiff as to the fair and reasonable value of each tract.

The judgment is reversed and the cause is remanded to the trial court to determine the fair and reasonable value of each mortgaged tract and to direct separate sales.

All the Judges concur.