# STATE HIGHWAY COMMISSION, Respondent v. LACEY, Appellant

## (113 N.W.2d 50)

(File No. 9930. Opinion filed January 29, 1962)

Rehearing denied April 17, 1962.

**Lacey & Parliman,** Sioux Falls, for Defendant and Appellant.

**A. C. Miller,** Atty. Gen., **John B. Wehde,** Highway Asst. Atty. Gen., for Plaintiff and Respondent.

BIEGELMEIER, J. This is a landowner's appeal from a jury's award of $7,500 in a condemnation action.

The tract contained 17.31 acres of which the state took 11.65 acres, leaving the balance of 5.66 acres adjoining a section line but without access to presently graded road. Defendant complains of one instruction given and one refused by the trial court. The instruction given was:

> "Evidence has been introduced * * * relating to some other sales of property in that locality * * * that evidence as to the selling price of those other tracts is no direct evidence as to the value of this particular property which you have for considera-

tion and the evidence was admitted simply as a basis for the opinion which the particular expert witness gave as his opinion of the value of this particular tract involved in this action."

The court refused the following requested instruction:

"You are instructed that in determining the fair market value of the property in question you may consider evidence of actual sales of other lands, and prices for which they were sold, if they are similar in their situation, relative position, and other circumstances relating to value, and such sales are fair and open in the market."

As to the admissibility of the sale price of other real estate to prove the value of the property in suit, the cases present two principal views (1) the New York or Pennsylvania rule that the evidence is inadmissible and (2) the Massachusetts rule, that the evidence is admissible. The conflict and divergent views are found in notes to the cases at 118 A.L.R. 869 and 174 A.L.R. 386. See also Orgel on Valuation in Eminent Domain, Ch. XII, p. 454; Nichols on Eminent Domain, Third Edition, Ch. XXI, Vol. 5, p. 265 and Wigmore on Evidence, Third Edition, Vol. II, § 463-4. After adopting the Pennsylvania rule at least two courts have recently changed to the Massachusetts rule. County of Los Angeles v. Faus, 48 Cal.2d 672, 312 P.-2d 680 and Redfield v. Iowa State Highway Commission, 251 Iowa 332, 99 N.W.2d 413. Counsel have cited a long list of cases touching the problem in its many phases. The record indicates it is unnecessary to determine that question in this appeal although reference will be made to opinions where the subject is discussed. The trial court should present those issues to the jury which find support in the evidence and be responsive to the issues. Orrison v. City of Rapid City, 76 S.D. 145, 74 N.W.2d 489; Bathke v. Myklebust, 69 S.D. 534, 12 N.W.2d 550. Did defendant's evidence of sales raise the issue presented? Defendant testified to one sale of property, that of Hays to Egan. This was

an adjoining tract of about ten acres. Thereafter Egan, the purchaser, was a witness for the state. Without dispute he testified he purchased the property after both he and the seller knew of the location of the proposed new interstate highway; it would have convenient access to it and abutted on Rice Street and Brandon road; this enhanced and increased its value for commercial purposes; it had never been flooded by the adjoining river; the house on this parcel was worth $12,000, the land worth $9,000 only because of its enhanced value after the interstate was built; without the interstate the house and land would be worth $13,000 to $15,000. This would greatly reduce the value of the ten acres of land. He further testified he would not have been interested in the property except for the interstate highway and he paid quite a premium for that reason. Photographs showed, and it was conceded, most of defendant's land was lower and flooded by the river; as stated it had no public road access to the proposed interstate; the house on it was stipulated as being worth $980. Where the sale price reflects an important enhancement of value because of the building of the interstate highway, the sale is clearly not admissible. The Supreme Court of Massachusetts, for which the rule of admissibility is identified has recently so held. Cole v. Boston Edison Company, 338 Mass. 661, 157 N.E.2d 209. Accord: City of Chicago v. Blanton, 15 Ill.2d 198, 154 N.E.2d 242. Cf. Hance v. State Roads Commission of Maryland, 221 Md. 164, 156 A.2d 644. These two properties were, as indicated, so dissimilar for comparisons of value that defendant was not prejudiced by the court's rulings as to the Hays-Egan sale. Barnes v. North Carolina State Highway Commission, 250 N.C. 378, 109 S.E.2d 219, 232.

 Defendant also testified to a sale of 4.88 acres off the west side of the tract condemned to the adjoining landowner. Where evidence of sales is admitted, it must be shown that the sale, among other things, is made by a willing buyer to a willing seller, neither being under any coercion or compulsion. Forced sales or sales made under compulsion are not admissible. Tidball v. Miller, 72 S.D. 243, 32 N.W.2d

683; State v. McDonald, 88 Ariz. 1, 352 P.2d 343; Hannan v. United States, 76 U.S.App. D.C. 118, 131 F.2d 441; Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So. 2d 308; Hickey v. United States, 3 Cir., 208 F.2d 269. This follows whether compulsion is on the seller or buyer. A sale of county tax deed property was said to be affected by elements which do not enter into transactions made in the ordinary course of business and not a fair criterion of values. Tidball v. Miller, supra. Here the 4.88-acre tract was purchased as a lagoon-type sewer for sewage from the rendering plant which was subject to an injunction against expansion; it was a special purpose sale and the buyer was "forced to pay" the purchase price for that reason, of which purpose defendant said he "may have made a guess". The sale did not come within the scope of the Tidball v. Miller criterion of value, being a forced sale not made in the ordinary course of business. It is akin to isolated acres sold for a special purpose. Wichita Falls, R. & F. W. Ry. Co. v. Cooper, Tex.Civ.App., 235 S.W. 927. While the presumption may be that a sale is voluntary and thus at market value, Epstein v. Boston Housing Authority, 317 Mass. 297, 301, 58 N.E.2d 135, 138, the record here indicates otherwise. It did not meet these requirements, nor those in the requested instruction, that the sale be "fair and open in the market." Failure to instruct the jury to consider this sale was less damaging to defendant than striking it from the record as was done in Cole v. Boston Edison Company, 338 Mass. 661, 157 N.E.2d 209.

■ As to the sales of other property referred to by one of the state's expert witnesses the trial judge stated they were admitted in evidence "not * * * as an indication of the value of the Lacey land. They are * * * a basis for an opinion by this gentleman, and he has indicated that it is the basis * * *." They also testified these sales were of land more valuable than defendant's, yet sold for $222.50 to $500 per acre. Defendant owner is in no position to complain of instruction given for if it had any result, it was to eliminate them from the testimony of the state's

witnesses and from the jury's consideration as direct or independent evidence of value at these lower prices, a benefit to defendant. The instruction advised the jury the selling price of "other tracts" of land was not direct evidence of its value and only applied to the evidence of the expert witnesses. Defendant testified as to his sale of 4.88 acres to the rendering company as owner, not as an expert; this instruction did not eliminate it from defendant's argument to or its consideration by the jury and no prejudicial error resulted.

 Defendant asserts error in permitting the state's expert witnesses to testify as to sales of other property as foundation for their testimony, his objection being they were not similar. Whether land is similar initially, for the purpose of admission in evidence, rests largely within the discretion of the trial court. Barnes v. North Carolina State Highway Commission, supra; United States v. Ham, 8 Cir., 187 F.2d 265, 270; 118 A.L.R. 904. No abuse of that discretion is shown. Complaint is made of other instructions; considered as a whole they fairly submitted the only question involved, that of just compensation, to the jury.

Affirmed.

All the Judges concur.