NYSTROM, Plaintiff v. STATE, Defendant

(119 N.W. 2d 123)

(File No. 9945. Opinion filed December 21, 1962)

**Roswell Bottum, Burnell H. Hendricksen,** Rapid City, for Plaintiff.

**A. C. Miller,** Atty. Gen., **John Wehde,** Asst. Atty. Gen., for Defendant.

HANSON, J. This is an inverse condemnation action by a private landowner against the State of South Dakota for damages caused by the unlawful taking of plaintiff's land without compensation. The land taken is an elongated strip of property located in Rapid Canyon. It was formerly a part of the old Crouch Line Railway right of way which plaintiff acquired by purchase. In a prior companion action[1] title to the subject property was quieted in plaintiff adverse to the State's contention that title to the abandoned railroad right of way vested in the abutting owners by virtue of Sec. 13, Art. VI, of the S.D.Const. and related statutes.

The present action was commenced by plaintiff in this court for damages under the permissive provisions of SDC 1960 Supp. 33.0604. The Hon. George D. Lampert, one of the judges of the Seventh Judicial Circuit, was appointed to act as Referee and ordered to submit the issue of damages to a jury pursuant to SDC 1960 Supp. 37.40 relating to trials in eminent domain proceedings. The Referee accordingly submitted the issue of damages to a jury which returned a verdict in favor of plaintiff in the amount of $3,678. Plaintiff's objections to the Referee's Report all pertain to one ruling on evidence.

In their relation to the evidentiary question presented the facts show the property taken from plaintiff by the State for highway purposes is a serpentine strip of unplatted property 100 feet wide and approximately one and a half miles long containing 12.26 acres. It is located approximately 8 miles northwest of Rapid City in one of the scenic canyon areas of the Black Hills. It runs along, but not adjacent to Rapid Creek except the creek crosses the property at right angles at four different points. In other words there is intervening land between the Nystrom property and the creek except at the crossings. According to plaintiff's evidence the property could feasibly have been developed by subdividing it into 38 lots suitable for residential use in which event an access road and four bridges would have to be constructed. A map showing this hypothetical subdivision was introduced in evidence as Exhibit 8.

---

1. Nystrom et al. v. State et al., 78 S.D. 498, 104 N.W.2d 711.

Tom Flack, a real estate dealer from Rapid City, testified and qualified as a land value expert for plaintiff. In his opinion the fair and reasonable market value of the land taken was $2,000 per acre. As reasons for his opinion the witness was allowed to testify on direct examination that he took into consideration the size, location, and topography of the property taken, the lack of similar property and public demand for the same, together with its potential use and development as lots for home-sites. As a further basis for his opinion Flack said he took into consideration other sales of comparable property. He then described two other tracts of land recently sold in that vicinity. One was a sale to Paulson and one to an undisclosed buyer. On objection by the State he was not allowed to testify to the specific prices paid for such other real property. It is this ruling which plaintiff contends constitutes reversible error justifying a new reference on the issue of damages.

■ This court has heretofore approved the majority, or Massachusetts, rule which allows evidence of the sale price of other similar property to be shown as substantive proof of the value of property in question. As indicated in Tidball v. Miller, 72 S.D. 243, 32 N.W.2d 683, "We are of the view that the rule with respect to proof of value by evidence of sales of other property is correctly stated in Naftzger et al. v. State, 24 Ohio App. 183, 156 N.E. 614, 615, as follows: 'By the great weight of authority, when the value of land is in issue, evidence of actual sales of other lands, and prices for which they were sold, is competent, if they are similar in their situation, relative position, and other circumstances relating to value, and such sales are fair and open in the market. However, sales by sheriffs and sales that are in the nature of a compromise, or are affected by an element which does not enter into similar transactions made in the ordinary course of business, not being a fair criterion of value, are not admissible in evidence.' " See recent comprehensive annotation on subject in 85 A.L.R.2d 110 which supplements 118 A.L.R. 869 and supersedes annotation in 174 A.L.R. 386.

■ The evidence indicates the following dissimilarities between the property taken and the two sales sought to be introduced in evidence by plaintiff:

|  | Land Taken | Paulson Tract | Undisclosed Buyer Tract |
|---|---|---|---|
| Size: | 12.26 Acres | 1 Acre | 1.7 Acres |
| Access: | No road. A road and 4 bridges would have to be built | Partially graveled road | Passable road |
| Creek Frontage: | None for resident use | Creek frontage | Creek frontage |
| Shape: | Long strip— 100 ft. wide | Regular | One homesite |
| Proximity to Rapid City: | 8 miles | 5 or 6 miles | 8 miles |

Because of such dissimilarities plaintiff concedes the two outside sales are not similar in the sense of being admissible as independent proof of value of the property taken. Nevertheless, he contends the other properties are comparable, at least in usable area, to one hypothetical lot on plaintiff's land if the same were platted as shown by Exhibit 8. Therefore, according to plaintiff, the sale prices of the two outside sales should have been admitted into evidence for the limited purpose of showing additional reasons for the expert's opinion of value.

■■ We believe the admission or exclusion of such evidence was a matter resting within the sound discretion of the trial court. Whenever the value of land is in issue evidence of other recent and comparable real property sales in the neighborhood may be shown on direct examination of an expert land value witness—(1) as independent proof of value of the land in controversy, or (2) as foundation for the expert's opinion of value. In either event the competency, relevancy, and similarity of such other sales are matters committed to the sound judicial discretion of the trial court. State Highway Commission v. Lacey, 79 S.D. 451, 113 N.W.2d 50.

Finding no abuse of discretion on the ruling complained of judgment will accordingly be entered in favor of the plaintiff, A. S. Nystrom, against the State of South Dakota in the amount of $3,678 together with interest thereon at the rate of 6 per cent per annum from the 25th day of October, 1961.

All the Judges concur.