STATE HIGHWAY COM'N, Appellant v.
SCHILTZ et al., Respondents

(242 N.W.2d 156)

(File No. 11754. Opinion filed May 25, 1976)

Carl W. Quist and Gary F. Colwill, Asst. Attys. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

William J. Holland, of Holland & Brantseg, Sisseton, Vernon M. Johnson, of Johnson, Milloy & Johnson, Wahpeton, N.D., for defendants and respondents.

DUNN, Chief Justice.

This condemnation action involves the taking of 20.74 acres of farm land in Roberts County for the construction of U.S. Interstate Highway 29. It is a companion case to State Highway Commission v. Anderson (decided this date), 90 S.D. 503, 242 N.W.2d 674. From a jury verdict of $22,050, the state appeals claiming the trial court abused its discretion and erred in (1) ruling that evidence of the sale of the condemned land two years before the taking was inadmissible as a matter of law, and (2) ruling that evidence of comparable sales introduced for the purpose of explaining the values placed on the land by expert appraisers was inadmissible as a matter of law. We reverse and remand for a new trial.

In addition to the land acquired outright, the plaintiff also temporarily acquired 2.04 acres as an easement for construction and road detours. The land area which was determined to constitute the unit is composed of 320 acres. The unit is two quarter sections of land which are unattached and are located approximately two miles from each other. The "home quarter," which is improved, will not be directly affected by the taking. The Interstate Highway will cut across the other quarter which is unimproved. It is uncontroverted that the total unit will suffer severance damage, although the bifurcated quarter will be ultimately connected by a county road which will run over the Interstate. The declaration of taking was filed June 21, 1973.

The unimproved quarter which will be divided by the Interstate was purchased by the defendants in 1971 at $187.50 per acre. Mrs. Theresa Schiltz, one of the defendants, testified on direct examination that the quarter had been purchased in 1971. On cross-examination, counsel for plaintiff asked her to state the purchase price of the quarter. The question was objected to and the objection was sustained. Plaintiff put one of its expert appraisers on the stand and asked him if he had considered the 1971 sale of the condemned property in making his appraisal. He answered that he had. He was then asked to state the consideration for the sale. Again there was an objection, and it was sustained. Thereafter, an offer of proof was made by plaintiff, but the court reaffirmed its ruling that the sale price was inadmissible because of the increase in land values between 1971 and 1973, the

year of the taking.

■ Plaintiff, while conceding that there was an increase in land prices between 1971 and 1973, contends that the court erred in refusing to allow the introduction of the selling price. The general rule which we choose to follow was concisely stated in 5 Nichols on Eminent Domain, § 21.2, thusly:

> "When a parcel of land is taken by eminent domain,the price which the owner paid for it when he acquired it is one of the most important pieces of evidence in determining its present value. This is so only if the sale was recent, and was a voluntary transaction between parties each of whom was capable and desirous of protecting his own interests, and no change in conditions or marked fluctuation in value has occurred since."

With this rule in mind we turn to the sale involved. It took place only two years prior to the taking on June 21, 1973. This certainly would not make the sale too remote in time. Further, there is no evidence in the record that the sale was anything but voluntary between a willing seller (Knudson) and a willing buyer (Schiltz). In the absence of such evidence we must presume that the sale was voluntary and that the price paid reflected the true market value at the time of sale.

> "Forced sales usually involve transactions in which there is an element of compulsion either on the part of the seller who is obliged to act with undue haste, thereby affording him an inadequate period in which to effect a reasonable deal, or on the part of the purchaser who for purely personal reasons or necessities is compelled to pay a higher price than an ordinary purchaser would be willing to pay. However, it has been said that there is a presumption, in the technical and proper meaning of that word, that the price of land sold was fixed freely and not under compulsion. In the absence of evidence warranting a finding that a sale is made under such compulsion as to make the price inadmissible as evidence of value, consideration may be given to the

sale." 5 Nichols on Eminent Domain, § 21.32.

■ The trial court ruled the evidence inadmissible for the reason that the land has increased in value between the 1971 sale and the 1973 taking. Plaintiff does not dispute the fact that land values rose throughout the area during this period and that the land in question increased in value; however, plaintiff argues that its expert appraisers took this into consideration in making their appraisals, which is borne out by their actual appraisal of the land on the date of the taking. We do not feel that a rise in the price of land over a two-year period automatically excludes the original sale price from consideration by the jury. As was stated in the case of State v. Larson, 1970, 285 Minn. 467, 174 N.W.2d 114:

> "If the increase in land values was normal, it would not appear to be an adequate basis upon which to exclude the purchase-price testimony and a jury could take such increased land values into account. Some courts have said that a rise in land prices alone is not enough to prevent admissibility of the purchase price paid. These courts say the change in value only affects the weight of the evidence. See Los Angeles County Flood Control Dist. v. McNulty, 59 Cal.2d 333, 29 Cal.Rptr. 13, 379 P.2d 493, and cases cited." 174 N.W.2d at 118-119.

We agree that, assuming the sale is not too remote in time, a rise in value goes to the weight of the evidence and not to its admissibility. We therefore hold that the trial court abused its discretion in not allowing the sale price to be put into evidence.

■ Plaintiff also assigns as error the trial court's refusal to receive evidence of comparable sales in the area as foundation for the appraisal of its two expert witnesses. This subject was thoroughly discussed in State Highway Commission v. Anderson, 90 S.D. 503, 242 N.W.2d 674. We have examined the sales here and hold that they should have been admitted into evidence as foundation for the reasons stated in Anderson.

The judgment of the circuit court is reversed, and the case is remanded for a new trial.

WINANS and WOLLMAN and COLER, Justices, concur.