STATE of South Dakota, acting By and Through the DEPARTMENT OF TRANSPORTATION and the Board of Transportation for the Division of Highways, Plaintiff, Appellant and Cross Respondent,

v.

RICHEY MOTOR COMPANY, INC., John C. Richey, and the First National Bank of the Black Hills, Defendants, Respondents and Cross Appellants.

Nos. 12166, 12174.

Supreme Court of South Dakota.

Sept. 21, 1978.

---

Carl W. Quist, Asst. Atty. Gen., Pierre, for plaintiff, appellant and cross respondent; William J. Janklow, Atty. Gen., David L. Zuercher, Asst. Atty. Gen., Pierre, on the brief.

Horace R. Jackson of Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, for defendants, respondents and cross appellants; Terence R. Quinn of Stephens, Quinn, Carr & Tschetter, Belle Fourche, Gregory A. Eiesland, Rapid City, on the brief.

WOLLMAN, Chief Justice.

The state appeals from the judgment in this condemnation action awarding Richey Motor Company (respondent) compensation in the amount of $70,000 with interest as provided by law.[1] Respondent cross-appeals from an order denying an amendment of the judgment. We reverse the judgment and dismiss respondent's cross-appeal as moot.

Respondent is an automobile dealership located on the outskirts of Belle Fourche. It owns a rectangular parcel of land with a six hundred foot frontage on U.S. Highway 212 and a two hundred ten foot depth. The showroom and shop building sits on the west side of the property; the remaining property contains no buildings and is used as a lot for displaying automobiles.

By its declaration of taking of March 22, 1976, the state acquired a permanent easement for a drainage way over .24 acres of respondent's land. Additionally, the state acquired a temporary construction easement for highway purposes over another .24 acres of respondent's land. The drainage ditch was designed to run from the highway completely across respondent's land, bisecting the display lot and to a considerable extent, isolating some one hundred fifty feet of the eastern end of the lot from the showroom area. Respondent presented evidence to show that the ditch would seriously reduce the utility of the isolated tract as a display area. The temporary construction easement extends along the front of respondent's property and provides a slope from respondent's land to the highway grade level.

Prior to trial the state altered its construction plans to include an asphalt-surfaced earthen crossing over the drainage way and attempted to amend the declaration of taking to reflect this change. The trial court disallowed the amendment and further ruled that the state would be barred from presenting any evidence of the change of plans or of the mitigating effect of the earthen crossing. The state contends that the decision to amend the declaration of taking was one committed to its discretion by statute and that the trial court erred in denying the amendment. Respondent argues that the taking was complete in March of 1976 and that the state had no right to amend after that time.

The so-called "quick take" procedure used by the state in this case to acquire respondent's property is set forth in SDCL 31–19–23 to 31–19–41. (The subsequent revisions of these sections do not affect this case.) SDCL 31–19–23 authorizes the state department of transportation to file a declaration of taking at any time during a condemnation proceeding before final judicial determination of the rights of the parties.[2] At

---

1. The First National Bank of the Black Hills is a party of record to this action. For convenience, however, Richey Motor Company, Inc. will be referred to as respondent herein.

2. SDCL 31–19–23 provided:
   In any proceeding in any court of the state of South Dakota which has been or may be instituted by and in the name of and under the authority of the state of South Dakota through its highway commission pursuant to a resolution of necessity for the acquisition of any land or easement or right of way in land for the public use, pursuant to §§ 31–19–1 to 31–19–20, inclusive, and chapter 21–35, the petitioner may file in the cause, with the petition or any time before final judicial determination of the rights of the parties, a

the time of the filing in this case, SDCL 31–19–24 [3] provided:

> Upon the filing of the declaration of taking described in § 31–19–23 and of the deposit with the clerk of courts of the county in which the action is pending, to the use of the persons entitled thereto, the amount of estimated compensation stated in said declaration, *title to the said lands in such estate or interest therein as is specified in said declaration shall vest in the state of South Dakota*, and said land shall be deemed to be condemned and taken for the use of the state of South Dakota, *and the right to just compensation for the same shall vest in the persons entitled thereto*. (emphasis supplied)

■ The pertinent statutes suggest that the legislature intended that the state department of transportation should possess the power to amend the declaration of taking. SDCL 31–19–26 provides that a copy of the declaration of taking "and amendments thereto" shall be served. SDCL 31–19–27 specifically provides that any omitted defendants or property may be included in the declaration by amendment. SDCL 31–2–21 clothes the department of transportation with general supervisory power over construction and maintenance of all roads, bridges, and culverts throughout the state. SDCL 31–19–23(6) requires the department to file its construction plans with the decla-

ration of taking. The department is thus given the power and the duty to plan highway projects for the benefit of the public and the further duty to file its plans with its declaration of taking. It follows, then, that the department may amend its declaration of taking to incorporate the plans which it alone possesses the power to formulate.

Other jurisdictions have held that courts may properly allow amendments to condemnation papers to reflect construction plan changes that indicate a lessening of consequential damage to the remainder. *State Highway Comm. v. Grenko*, 80 N.M. 691, 460 P.2d 56; *State v. Wright*, Mo., 312 S.W.2d 70; *Department of Public Works & Bldgs. v. Greenlee*, 63 Ill.App.2d 425, 211 N.E.2d 771. The reasoning of these cases is that the state owes a duty to the public to attempt to minimize the expenditure of public funds for the acquisition of property for public improvements. "Particularly where the State or one of its political subdivisions is the condemnor, the public interest is involved as well as the interest of the owner of the property sought to be taken, and the owner ought not to be allowed a windfall where he is not entitled to it." *State Highway Comm. v. Grenko*, supra, 80 N.M. at 694, 460 P.2d at 59.

■ In *State Highway Comm. v. Pinney*, 84 S.D. 311, 171 N.W.2d 68, we held that a

declaration of taking, signed by the director of highways, declaring that said lands are thereby taken for the use of the state of South Dakota. Said declaration of taking shall contain or have annexed thereto:

(1) A statement of the authority under which, and the public use for which, said lands are taken;

(2) A description of the lands taken sufficient for the identification thereof;

(3) A statement of the estate or interest in said lands taken for said public use;·

(4) Name of owner of the property or persons in interest, as are known;

(5) A statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken and damaged;

(6) Any prior written memoranda or agreement, right of way plans and specifications for the proposed highway, setting forth in detail the access roads, under-

passes, overpasses, drainage facilities, and other features as pertain to the adjacent landowner's access to, and means of crossing over and under the proposed highway, together with a description of any additional factors which the state intends to rely upon in mitigation of damages. Any substantial deviation by the department of highways from the written memoranda or agreement, plans and descriptions so filed which amounts to an additional taking or damage, shall entitle the affected landowner to proceed against the state for additional compensation;

(7) A detailed appraisal upon which the amount of the state's deposit is based.

3. Subsequent to the filing in question, this section was amended by § 4 of Ch. 184, Laws of 1976.

condemnee has a duty to minimize damages resulting from the taking and that the jury should be instructed accordingly. By the same token, we conclude that the state must be allowed to present evidence showing actions it will take that will have the effect of minimizing consequential damages to the remainder of the landowner's property.

 Respondent argues that because the taking in this case was complete upon the filing of the declaration of taking and deposit, the state could not thereafter unilaterally divest itself of the interest acquired once the respective rights of the parties in the property taken had vested. As we view the record, however, the state did not seek to divest itself of or abandon any interest taken by the filing of the declaration of taking.[4] Instead, the state sought to amend the plans required by SDCL 31–19–23(6) so that they would accurately reflect the situation that would exist when the highway construction project was complete. The amendment sought did not alter the state's interest in, nor the amount of, the property taken. Respondent is entitled to just compensation based upon the actual situation, not to speculative compensation based upon a hypothetical situation.

We note that SDCL 31–19–23(6) provides that any deviation from the plans filed with a declaration of taking resulting in additional damage to the affected property entitles the landowner to additional compensation as a matter or right. This statutory right distinguishes respondent's legal claim to the earthen crossing from mere promised largess, such as that described in *Moran v. Iowa State Highway Comm.*, 223 Iowa 936, 274 N.W. 59, and should allay respondent's fears of post-trial caprice.

We further note that the state's right to amend the declaration of taking must be reconciled with a landowner's right to prepare an effective case to vindicate his right to just compensation. When through its carelessness or callousness the state rends the assumptions upon which a landowner has prepared his case, the trial court may fashion such remedy as will provide appropriate relief.

Respondent in its cross-appeal seeks amendment of the judgment. That judgment is being reversed and therefore may not be amended. "Since the judgment is reversed in its entirety, the appeal from the order to modify it becomes moot . . ." *Odegaard v. Investors Oil, Inc.*, N.D., 118 N.W.2d 362, 376. The cross-appeal is therefore dismissed.

The judgment appealed from in # 12166 is reversed and the case is remanded to the circuit court for new trial. The appeal in # 12174 is dismissed.

All the Justices concur.

---

4. Such action by the state is forbidden by SDCL 31–19–35, which states:

A proceeding to condemn land for public use may not be abandoned after filing of declaration of taking, so as to deprive an owner whose property had been taken of his constitutional right to have damages assessed and paid in money.