The STATE of South Dakota, acting By and Through the DEPARTMENT OF TRANSPORTATION and the Board of Transportation for the Division of Highways, Plaintiff and Appellant,

v.

RICHEY MOTOR COMPANY, INC., John C. Richey, and the First National Bank of the Black Hills, Defendants and Appellees.

The STATE of South Dakota, acting By and Through the DEPARTMENT OF TRANSPORTATION and the Board of Transportation for the Division of Highways, Plaintiff and Appellee,

v.

RICHEY MOTOR COMPANY, INC., John C. Richey, and the First National Bank of the Black Hills, Defendants and Appellants.

Nos. 12722, 12762.

Supreme Court of South Dakota.

Argued Feb. 22, 1980.

Decided Sept. 3, 1980.

Camron Hoseck, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Mark V. Meierhenry, Atty. Gen., Carl W. Quist and David L. Zuercher, Asst. Attys. Gen., Pierre, on brief.

Horace R. Jackson and Gregory A. Eiesland of Lynn, Jackson, Schultz & Lebrun, P. C., Rapid City, for defendants and appellees; Terence R. Quinn of Stephens, Quinn, Carr, Tschetter & Buckmaster, P. C., Belle Fourche, on brief.

WOLLMAN, Chief Justice.

This condemnation action is here on appeal for the second time. In the first appeal, we reversed and remanded for the purpose of allowing the State to amend the declaration of taking. *State, Dept. of Transp. v. Richey Motor Co.*, 270 N.W.2d 48 (S.D.1978). Upon retrial, a jury returned a verdict in favor of defendants (who will be referred to collectively as "Richey") in the amount of $77,000. The State appeals from the judgment entered on the verdict. Richey appeals from an order denying a motion for reimbursement and a motion to correct the judgment. We affirm the judgment and dismiss Richey's appeal.

The facts were extensively set forth in our opinion in the first appeal. Briefly, on March 22, 1976, the State acquired a permanent easement for a drainageway over .24 acre of Richey's land in Belle Fourche. Although the State's plan as amended included an asphalt-surfaced earthen crossing over the drainageway, in fact no such crossing has been constructed. Instead, a gravel driveway was constructed in the area over which the State had taken a temporary easement.

Three witnesses testified regarding their estimates of damage. Richey gave an estimate of $115,000. Tom Flack, a Rapid City

realtor, testified on behalf of Richey that the damages totaled some $77,042, basing his opinion on building costs, site development costs, and two comparable sales of property in Belle Fourche and three in Spearfish. Art Meisner, testifying for the State, based his estimate of $2,500 on five sales of property in the immediate neighborhood of the property in question. It was developed on cross–examination that in the previous trial Meisner has stated that in his opinion the damages amounted to $27,900.

The State's first contention is that the trial court erred in admitting Flack's testimony regarding the fair market value of the property after Flack had stated that the easement property could be fenced off by the State and access denied the landowner. Because the property is not fenced off, the State alleges that Flack's opinion was based on an improper element of damage and that this error had a prejudicial effect on the jury.

As this Court stated in *State Highway Commission v. Hayes Estate*, 82 S.D. 27, 39, 140 N.W.2d 680, 687 (1966), in condemnation cases "[n]o competent evidence should be excluded which an ordinarily prudent man would take into account before forming a judgment as to the market value of property which he is about to purchase." Flack's testimony regarding the potential fence or denial of access was in reference to the fact that a title search for a prospective buyer would reveal that the State had been granted a permanent drainage easement that it is obligated to maintain and service and that the present gravel crossing does not comport with the amended plans. We agree with Richey that in the unique circumstances of this case these considerations could cause some uncertainty about what could be done in the future by the State and would be considered by an ordinarily prudent buyer. We do not suggest, of course, that this type of testimony would be routinely admissible in condemnation cases. We view the instant case as being unique, involving as it did an eleventh–hour amendment of the State's plans and a post–taking failure by the State to comply fully with those amended plans.

The State contends that the trial court erred in denying its motion that Richey not be permitted to question Meisner regarding his testimony at the first trial. It is well settled that in a condemnation case involving a partial taking the measure of damages is the difference between fair market value of the property prior to the taking and fair market value of the property after the taking. *Hayes Estate,* supra. In determining this value, however, "the jury must test not only the credibility of each witness but also his qualifications as an expert and the precise method by which he arrived at an ultimate conclusion or opinion." *State Highway Com'n v. Anderson,* 90 S.D. 503, 507, 242 N.W.2d 674, 676 (1976). Furthermore, in *State Through Dept. of Transp. v. Baken Park,* 257 N.W.2d 448 (S.D.1977), we held that the State is entitled to probe the basis of the witness' opinion concerning before and after values.

The jury was made aware that Meisner's first appraisal did not take into account the gravel crossing. Richey was entitled to cross–examine the witness regarding the basis for his opinion regarding damages and to ask him to in effect reconcile his earlier opinion based upon the State's original plans and his subsequent opinion based upon the existence of the crossing. Accordingly, we conclude that the trial court did not err in denying the motion to restrict the scope of Richey's cross–examination.

The State next argues that the trial court erred in admitting into evidence testimony regarding sales of property in Spearfish. Richey's witness Flack testified that he had reviewed comparable sales of property in Belle Fourche but did not find a sufficient number on which to base his judgment because the sales were either not recent enough, not within the city limits, or did not involve tracts of a similar size and shape. The witness therefore considered a number of sales that met these qualifications in Spearfish, a community of similar population located ten miles away.

Without belaboring the testimony regarding the Spearfish sales, we conclude that those sales were sufficiently comparable with regard to time, location, and size to be admissible for purposes of foundation and background for the witness' opinion. In *Hayes Estate,* supra, we held that when evidence is introduced for purposes of foundation and background for an expert's opinion of value, the rule of comparability is not nearly as strict as when it is used as direct and independent proof of the value of the property in question. Furthermore, this Court has long held that the admission of evidence of this nature rests largely within the discretion of the trial court. *Hayes Estate,* supra. The factors detracting from the comparability of the Spearfish sales bore upon the weight of this evidence rather than upon its admissability. *State Highway Com'n v. Anderson,* supra, 90 S.D. at 506, 242 N.W.2d at 676.

The State's final contention is that the trial court erred in denying its motion for a new trial. The grounds for the motion included the contentions that the jurors' knowledge of a newspaper article regarding the prior trial and defendants' references to that trial precluded the State from having a fair trial, that the verdict was excessive, and that the evidence was insufficient to justify the verdict.

Two days prior to trial, a local newspaper published a short account of the prior case stating that two years earlier a jury had awarded appellee Richey $70,000 for the land in question, that the State had appealed, and that the Supreme Court had "reversed the decision and remanded the matter back to Butte county for a new trial on legal technicalities." The prospective jurors were questioned regarding the newspaper article and its effect, if any, on them. There is no indication that any juror was in any serious way influenced by the article, nor does the record reveal any instances of untoward references to the previous trial. The trial court therefore did not err in rejecting this ground for the motion.

Regarding the sufficiency of the evidence, this Court has held that the rec-

ord should be examined to determine only if there is competent and substantial evidence to support the verdict, resolving conflicts and drawing reasonable inferences therefrom in favor of the prevailing party. *Neb. Elec. Generation & Trans. Coop. v. Cady,* 90 S.D. 233, 241 N.W.2d 139 (1976). Regarding the alleged excessiveness of the verdict, we note that three estimates of damage were testified to, ranging from $2,500 to $115,-000. That the verdict may appear to be generous is not warrant for us to interfere with it. *State Highway Commission v. Miller,* 83 S.D. 124, 155 N.W.2d 780 (1968). The trial court did not err in denying the motion for new trial based upon these grounds.

## RICHEY'S APPEAL

Richey contends that an alteration of a declaration of taking by the State to include a smaller easement is a partial abandonment of the taking that entitles the landowner to an award under SDCL 5–2–18 for expert witness fees and expenses, and attorney expenses. In the previous decision in this case we said: "[T]he state did not seek to divest itself of or abandon any interest taken by the filing of the declaration of taking. Instead, the state sought to amend the plans required by SDCL 31–19–23(6) so that they would accurately reflect the situation that would exist when the highway construction project was complete." *Richey,* supra, at 51 (footnote omitted). Our holding in the previous appeal is determinative of the issue of partial abandonment.

Richey's second contention is that a judgment in favor of a landowner against the State should bear interest at ten percent per annum from the date of entry, as do other judgments. SDCL 54–3–5. SDCL 31–19–33 provides that interest at the rate of six percent shall be included as a part of the just compensation due a landowner for land acquired by the State for highway purposes. Richey's argument that the 1972 amendment to SDCL 54–3–5 manifested a legislative intention to include condemna-

tion judgments within the class of judgments that bear interest at the rate of ten percent is resourceful but not persuasive.

■ Because it does not appear to have been raised in the trial court, we do not reach Richey's contention that the denial to a landowner in a condemnation action of the same rate of interest payable on other judgments constitutes a denial of the equal protection of the law. *State v. Olesen*, 86 S.D. 367, 196 N.W.2d 362 (1972); *Empey v. Rapid City*, 78 S.D. 462, 103 N.W.2d 861 (1960); *Midland Nat. Life Ins. Co. v. Johnson*, 69 S.D. 150, 7 N.W.2d 620 (1943).

The trial court did not err in fixing the rate of interest on the judgment at six percent.

In # 12722, the judgment is affirmed. The appeal in # 12762 is dismissed.

All the Justices concur.